UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TERRY  PAPENFUS,

        Petitioner,

                                   Civil No. 06-885-JE

        v.                          ORDER

JEAN HILL,

        Respondent.

_____

HAGGERTY, District Judge:

        Magistrate Judge Jelderks issued a Findings and Recommendation [85] in this action that recommends denying petitioner's Amended Petition for Writ of Habeas Corpus [61].  The Magistrate Judge also recommended finding that petitioner has failed to make a substantial showing of a deprivation of any constitutional right, and that accordingly, a certificate of appealability (COA) should be denied.

        Petitioner filed timely objections [89], and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  28

1 -- ORDER

U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has undertaken a *de novo* review, carefully evaluating the Magistrate's Findings and Recommendation, the objections, and the entire Record.  For the following reasons, the objections are overruled and this case is dismissed with prejudice.

The Findings and Recommendation examined whether petitioner's amended habeas petition should be construed as procedurally defaulted and, if so, whether there is cause and prejudice, or the risk of a fundamental miscarriage of justice, excusing that default.  The Magistrate Judge concluded that the petition was procedurally defaulted.  He also found that federal habeas review of the procedurally defaulted claims is unwarranted because the prisoner failed to show both cause for the procedural default and actual prejudice, and did not demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Findings and Recommendation at 6-8.

## BACKGROUND

Magistrate Judge Jelderks provided a thorough analysis of the facts presented, which need only be summarized here.  In 1996, petitioner was convicted on two counts of sexual abuse of his stepdaughter's friends.  The underlying indictment did not include any allegations of conduct against petitioner's stepdaughter ("JL").   He was sentenced to concurrent sentences of 18 and 22 months.  In the 1996 trial, JL provided videotaped testimony denying that petitioner had abused her.  However, after petitioner was incarcerated, JL disclosed that petitioner had abused her repeatedly.  At petitioner's next trial in 1998, JL testified regarding this abuse.  The prior videotaped testimony of JL from the 1996 trial had been destroyed.  The defense moved to

dismiss the indictment because of the tape's destruction.  The trial judge denied the motion, finding the destruction was not done intentionally or in bad faith.

The 1998 jury convicted petitioner of two counts of Sex Abuse in the First Degree and one count of Rape in the First Degree arising from his conduct with JL.  He was sentenced to 166 months in prison.  Petitioner's Amended Petition for Writ of Habeas Corpus primarily alleges that the trial court denied his Fourteenth Amendment right to due process when it refused to dismiss because of the destruction of the videotaped interview, and that petitioner was denied his Due Process and Fifth and Sixth Amendment trial rights when the trial court denied petitioner's repeated motions for a new trial.

**SUMMARY**

The Findings and Recommendation thoroughly addressed the relevant statutes, the parties' arguments, and the record.  It correctly concluded that petitioner's claims fail on both procedural and substantive grounds.  Petitioner's due process claim fails on procedural grounds because it was not fairly presented to Oregon's state courts identified as a federal claim.  The Findings and Recommendation also correctly found that the state did not violate petitioner's due process rights by destroying the videotape because it was not materially exculpatory evidence, and that the state did not act in bad faith in causing its destruction.  Findings and Recommendation at 14-15.

In his Brief and Petition for Review, petitioner failed to cite to any attempt to raise a federal due process claim.  Instead, Petitioner  now asserts that the Oregon Constitution lacks an independent due process clause.  Accordingly, he argues, his brief should have been construed as a federal due process claim by implication.  The Magistrate Judge properly cited precedent

3 -- ORDER

requiring a litigant to explicitly raise a federal constitutional claim.  Findings and
Recommendation at 8 (internal citations omitted). Moreover, the Magistrate Judge noted that
with respect to his Ground Three claim, petitioner alerted the state courts that the destruction of
evidence "violated defendant's rights under the Due Process Clause of the Fourteenth
Amendment of the United States Constitution," citing a United States Supreme Court decision.
Findings and Recommendation at 8.  The Magistrate Judge correctly concluded that this
reference undermined petitioner's argument that claims of trial court error in Oregon should
invoke the federal Due Process Clause by implication.  The Findings and Recommendation is
sound and correctly reasoned.  The objections compel only brief analysis.

**ANALYSIS**

Petitioner first argues that the Magistrate Judge erred by reasoning that the recorded
statements on the destroyed tape might have been unhelpful to petitioner's defense.  Petitioner
also asserts that the Magistrate Judge erred by relying on the trial judge's determination that the
tape's destruction was inadvertent.  Petitioner contends that the trial judge applied the wrong
standard in deciding that other evidence was comparable to the videotape.  He cites the state's
initial decision not to prosecute petitioner for abuse of JL in 1996, and its determination that the
tape had no evidentiary value in 1997, as evidence that the tape would have been beneficial to
petitioner's defense.  Petitioner argues that the tape would have demonstrated that JL was angry
because of the allegations made by her friends, which she believed were false.  Objections at 6-7.

Petitioner also asserts that detectives knew the tape had evidentiary value and that the
state breached a duty to preserve the evidence.  Petitioner complains that the Magistrate Judge

4 -- ORDER

did not address the failure of the Children's Advocacy Center, and others to preserve the tape. Objections at 8.

The assertions about the exculpatory nature of the videotape and the state's bad faith in destroying it are without merit. The Magistrate Judge properly analyzed and accepted the trial court's ruling that the videotape was destroyed inadvertently. Similarly, the Magistrate Judge explicitly considered petitioner's argument that the videotape was exculpatory evidence. The Magistrate Judge demonstrated that the record does not support petitioner's assertion that the videotape would have likely to altered the outcome of the trial. Findings and Recommendation at 14.

Petitioner next reasserts that the prosecutorial misconduct claim he raised at trial and on direct appeal automatically raises a federal due process claim. Petitioners argues that the Oregon Supreme Court applies the federal standard to a claim of prosecutorial misconduct, and that raising a "fairness" objection to prosecutor conduct in Oregon should be construed as raising a federal claim.

Petitioner's objection to the Magistrate Judge's finding of procedural default fails. The Findings and Recommendation correctly found no case law to support petitioner's argument. Petitioner cites precedent establishing a federal right to fair trial. However, his argument that a state prisoner has properly alerted a state court to a federal constitutional claim when raising a similar state constitutional claim is without merit. The Magistrate Judge noted that petitioner's adequate reference to federal law in his Ground Three claim belies his failure to do so in his Ground Two due process claim. Findings and Recommendation at 8. The Magistrate Judge correctly noted that it is a litigant's responsibility to explicitly raise a federal constitutional claim

5 -- ORDER

within the four corners of his or her briefing. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).

Finally, petitioner objects to the conclusion that he has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253©)(2) for purposes of obtaining a COA. This objection is overruled.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 § 2253©)(1) & (2). A petitioner must establish that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Rhodes v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010) (internal quotations and citations omitted). Doubts as to the propriety of a COA are resolved in the petitioner's favor. *Id*. (citing *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)).

The propriety of the conclusions adopted herein is not reasonably debatable. The authorities upon which petitioner primarily relies address the federal due process right to a fair trial and prosecutorial misconduct. Petitioner failed to demonstrate that he is excused from presenting a federal constitutional claim in his briefing. Reasonable jurists could not debate whether the petition before the court should have been resolved in a different manner.

**CONCLUSION**

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [89] are OVERRULED. The Findings and Recommendation [85] is sound and is adopted in its entirety. Petitioner Terry Papenfus' Amended Petition for Writ of Habeas Corpus [61] is denied. This proceeding is

dismissed with prejudice. Petitioner's request for a Certificate of Appealability is denied for the reasons stated herein. For docketing purposes, this court notes that Petitioner's Motion for Extension [87] was granted, and that petitioner's Objections filed on July 27, 2010, were fully considered.

IT IS SO ORDERED.

DATED this __20__ day of August, 2010.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

7 -- ORDER